UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. WATSON,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:16-cv-00438-AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income in March of 2009. Administrative Record ("AR") 104.[2] The disability onset date was initially alleged to be February 2, 2004, was later amended to July 1, 2009, and then changed back to the original date. Id., AR 17. The application was disapproved initially and on reconsideration. AR 104. On October 21, 2010, ALJ Philip E. Callis presided over the hearing on plaintiff's challenge to the disapprovals. AR 666-689 (transcript). Plaintiff was present and testified at the hearing. AR 666. Mr. Watson was represented by Langley Kreuze, Esq., at the hearing. AR 667. George Meyers, Vocational Expert, also testified at the hearing. AR 666.

On November 8, 2010, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 114 (decision). On July 9, 2012, the Appeals Council granted plaintiff's request for review. AR 116, 117-19. The appeals counsel remanded the case to be heard again, with instructions to the ALJ to (1) give further consideration to the lay witness report of Brian Salamme; (2) to re-evaluate the opinions of treating and non-treating physicians; (3) obtain evidence from a medical expert, if available, to clarify the nature and severity of claimant's impairment, and (4) if warranted by the expanded record, obtain supplemental evidence from a vocational expert. AR 17, 118-19.

On remand, a hearing took place before ALJ Daniel J. Heely on April 29, 2014. AR 58-93 (transcript). Plaintiff was present at the hearing, represented again by Langley Kreuze. AR 58. Also present were Miriam Sherman, medical expert, George Bluth, vocational expert, and Erika McKenzie, hearing monitor. Id. On May 30, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17-39 (decision), 40-45 (exhibit list). On January 7, 2016, after receiving

---

[2] The AR is electronically filed at ECF Nos. 12-3 to 12-11 (AR 1 to AR 663). A supplement to the AR is filed at ECF No. 13-3 (AR 664 to AR 689).

counsel's Attorney Representative Contentions brief as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3.

Plaintiff filed this action on March 1, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 6, 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 21 (plaintiff's summary judgment motion), 24 (Commissioner's summary judgment motion), 27 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born on October 29, 1978, and accordingly was 25 years old on the alleged disability onset date, making plaintiff a "younger person" under the regulations. AR 38; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and can communicate in English. AR 38.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the

evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment. . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

////

4

process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

<u>Id.</u>, §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

<u>Id.</u>, §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

<u>Id.</u>, §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Id.</u>, §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

When the plaintiff claims a mental impairment, the ALJ is required to follow a "special technique" at Steps Two and Three, to evaluate the plaintiff's disability. 20 C.F.R. § 419.920a(a). At Step Two, the ALJ first evaluates plaintiff's "pertinent symptoms, signs, and laboratory findings" to determine whether he has "a medically determinable mental impairment(s)." 20 C.F.R. § 419.920a(b)(1); <u>Keyser v. Comm'r Soc. Sec. Admin.</u>, 648 F.3d 721, 725 (9th Cir. 2011) (interpreting 20 C.F.R. § 1520a, the parallel, and identically worded, regulation under Title II). Second, the ALJ rates "the degree of functional limitation" caused by the mental impairments just identified, in four broad areas of functioning: [1] activities of daily living; [2] social functioning; [3] concentration, [4] persistence or pace; and [5] episodes of decompensation. 20 C.F.R. § 416.920a(b)(2) & (c)(1)-(3); <u>Keyser</u>, 648 F.3d at 725. The degrees can be "none," "mild," "moderate," "marked," or "extreme." 20 C.F.R. § 416.920a(c)(4). Episodes of decompensation

are ranked "none," "one or two," "three," and "four or more." Id. Third, the ALJ determines the severity of the mental impairment, "in part based on the degree of functional limitation." 20 C.F.R. § 416.920a(d); Keyser, 648 F.3d at 725.

The ALJ proceeds to Step Three only if the mental impairment is "severe." Keyser, 648 F.3d at 725. The Commissioner documents this "special technique" in a "Psychiatric Review Technique Form ('PRTF')." Id.; see AR 21-22. At Step Three, the ALJ must determine if the severe mental impairment identified in Step Two meets or equals the severity of a mental impairment in the Listings. 20 C.F.R. § 416.920a(d)(2); Keyser, 648 F.3d at 725. If it does not, the ALJ goes on to Step Four, returning to the sequential analysis.

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2006.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since February 2, 2004.
>
> 3. [Step 2] The claimant has the following severe impairments: bipolar disorder; attention deficit disorder ("ADHD"); a personality disorder with borderline and antisocial features; and substance addiction disorder in remission (20 CFR 404.150(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but

> with the following nonexertional limitations: except the claimant can perform simple, routine, and repetitive tasks; he can have occasional public contact; and he cannot work around excessive concentration of fumes, odors, dusts, gases, or other environmental limitations.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as a dietary aid and package handler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from February 2, 2004, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 20-39.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 39.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred because in the decision he (1) "improperly rejected the opinion of plaintiff's treating and examining doctors;" (2) "improperly considered lay witness evidence;" (3) "improperly found plaintiff 'not entirely credible;'" and (4) "failed to consider the disabling nature of plaintiff's stress." ECF No. 21s at 15-23. Plaintiff requests that the matter be reversed and remanded to the Commissioner for an immediate award of benefits. ECF No. 27 at 4.

### A. The ALJ's Treatment of Physician Opinions

The ALJ did not err in his treatment of the numerous physician and nurse practitioner opinions evaluated in this case. It is the ALJ's province to resolve conflicts in medical testimony, and resolve ambiguities. Edlund, 253 F.3d at 1156. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

7

In the ALJ's exhaustive analysis of each medical opinion at issue in this case, he provided adequate reasoning for assigning particular weight to particular opinions. AR 29-37. Plaintiff is primarily concerned with the ALJ's treatment of Dr. White. ECF No. 27 at 2. The ALJ provided several legitimate and specific reasons for according Dr. White's opinion little weight. AR 33. The ALJ found Dr. White's opinion was inconsistent with evidence developed since the evaluation was performed in 2010; in particular, Dr. White's opinion did not consider plaintiff's subsequent success with treatment and medication management. AR 33, 544, 547-58, 581-82, 587, 594, 598, 625-30, 660-63. A positive response to treatment is an appropriate reason for an ALJ to discount complaints of disabling symptoms. See, Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ also noted that Dr. White's opinion was inconsistent with the record overall and with plaintiff's daily activities of performing odd jobs, traveling, and performing multiple activities around the house. AR 33. The ALJ's ten-paragraph analysis of Dr. White's opinion is substantial, and not predicated on any legal error.

The ALJ likewise properly evaluated the opinions of plaintiff's other physicians. The ALJ properly discounted Drs. Paxton and Tasjian with respect to plaintiff's alleged difficulties with social and adaptive functioning (AR 30,3 2), noting that such findings were inconsistent with the uncontroverted facts that plaintiff lived with his long term girlfriend, traveled to destinations such as Los Angeles, Disneyland, and San Francisco, engaged cooperatively and presented well with healthcare providers, and engaged in a wide range of daily activates, including frequent socialization with friends. AR 21-22, 24-28. The ALJ properly discounted Dr. Richwerger's opinion with respect to plaintiff's cognitive limitations, as well as the opinions of Drs. Wong and Ewing and Nurse Rome, because they were inconsistent with the medical record as a whole and with plaintiff's daily activities, as discussed above. AR 29-35, 35-36. In each instance, the ALJ provided legally sufficient reasons for his assessment of the findings and the weight given to the opinions. Plaintiff's motion on this ground is denied.

### B. The ALJ's Consideration of Lay Witness Testimony

The ALJ did not err in his consideration of lay witness testimony. When rejecting a lay-witness's testimony, the ALJ is required to give only "germane" reasons for doing so. Valentine

v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). While an ALJ is generally bound to consider lay witness testimony, "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," failure to discuss lay testimony is not prejudicial per se. Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012).

The ALJ properly discredited the lay witness testimony of plaintiff's girlfriend, Jennifer Matuska, and plaintiff's former employer, Brian Salemme. The ALJ discredited Ms. Matuska because her statement was inconsistent with the remainder of the record, and because she is not home during the day to observe plaintiff's condition on a daily basis.[3] AR 25. Further, the ALJ found that Ms. Matuska appeared to rely heavily on plaintiff's subjective statements, which the ALJ discredited, as discussed below. AR 25. The ALJ rejected Mr. Salemme's statement because the extreme limitations contained therein were not supported by the record, which shows plaintiff has the ability to attend to the tasks of daily living, as well as treatment notes demonstrating success with medication compliance. Id. The ALJ gave germane reasons for rejecting each lay person opinion, and reversal is not warranted on these grounds.

C. The ALJ's Treatment of Plaintiff's Credibility

The ALJ did not err in finding plaintiff "not entirely credible." It is the ALJ's duty to make credibility determinations. Edlund, 253 F.3d at 1156. "If the ALJ finds that the claimant's testimony as to the severity of [his] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). Here the ALJ addressed plaintiff's lack of credibility repeatedly, and in each instance identified specific inconsistencies with the evidentiary record. AR 22-37. The ALJ also remarked on plaintiff's subjective complaints in noting that his girlfriend's statement mirrored

---

[3] This logic has been utilized before in an unpublished opinion in this Circuit. See Beck v. Astrue, 303 F. App'x 455, 458 (9th Cir. 2008) (unpublished) ("Claimant's husband worked full-time outside the home and could not observe her during much of the day.")

9

them, and that they were not supported by plaintiff's daily activities. AR 25. The ALJ specifically found that there were "significant inconsistences between the claimant's alleged severity of his symptoms and limitations, and the evidence," referencing many of the activities discussed above. AR 24. Although the ALJ's opinion may be lacking in that it fails to independently address plaintiff's credibility in a specially designated section, any error on this point is harmless because plaintiff's subjective complaints so clearly deviate from the medical record. "A decision of the ALJ will not be reversed for errors that are harmless." Burch, 400 F.3d at 679 (9th Cir. 2005). The undersigned finds the ALJ more than met his obligations in explaining his reasoning. Plaintiff's motion on this ground is denied.

### D. The ALJ's Treatment of Plaintiff's Stress Intolerance

The ALJ properly considered plaintiff's alleged stress intolerance. Social Security Ruling ("SSR") 85-15 states that, when addressing a mentally ill claimant's stress intolerance, "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." Plaintiff asserts that the ALJ failed to address plaintiff's stress intolerance, improperly ignoring Dr. Ewing's belief that plaintiff's mental health symptoms exacerbated his stress and Dr. White's identification of stress as a major factor in plaintiff's dysfunction. The court has already addressed the ALJ's handling of Dr. Ewing and Dr. White's opinions, which was not erroneous. Plaintiff does not identify any other record evidence to support the assertion that the ALJ should have considered plaintiff's stress intolerance, and the court finds none. Reversal is not warranted on these grounds.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24), is GRANTED; and

////

////

////

10

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: August 8, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE